IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **OLUWATOYIN ABORISADE,** Reg. No. 60560-509, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) CASE NO. 2:25-CV-907-RAH-CSC ) |
| D. TAYLOR and FEDERAL PRISON CAMP – MONTGOMERY, ALABAMA, | ) ) ) ) |
| Respondents. | ) ) |

## MEMORANDUM OPINION AND ORDER

Before the court is a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Oluwatoyin Aborisade, a federal inmate at the Federal Prison Camp in Montgomery, Alabama ("Montgomery FPC"). For the reasons below, the petition will be construed as a civil rights action under 28 U.S.C. § 1331 and, as a result, will be governed by the provisions of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. However, Petitioner will be given the opportunity to proceed with this construed civil rights action or voluntarily dismiss his § 2241 petition for lack of subject matter jurisdiction.

**I.     PRELIMINARY REVIEW: SCREENING**

The *Rules Governing Section 2254 Cases in the United States District Court* also apply to petitions filed under 28 U.S.C. § 2241. According to Rule 1(b), these rules extend to habeas corpus petitions beyond those filed under § 2254. *See* Rule 1(b), *Rules Governing § 2254 Cases*. Rule 4 requires district courts to dismiss § 2241 petitions without ordering a response from the respondent "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, *Rules Governing § 2254 Cases*. "This preliminary review calls on a district court to perform a screening function, ordering summary dismissal where a petition makes no meritorious claim to relief." *Paez v. Sec'y,*

*Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020). This screening aims to prevent unnecessary burdens on the respondent by avoiding the need for an unwarranted answer. *See id.*

## II. BACKGROUND

Petitioner's § 2241 Petition names D. Taylor and the Federal Prison Camp as Defendants. He alleges that on September 23, 2025, Taylor, a case manager, verbally insulted and humiliated him while he was attempting to file a lawful request concerning his safety and treatment; Taylor, the warden, and another officer retaliated against him for filing a grievance by verbally and physically assaulting and intimidating him; and Taylor retaliated and harassed him by spreading false information about him, disclosing confidential information from his Presentence Report, intimidating other inmates to isolate him, and discouraging inmates from associating with him, all in violation of his First Amendment, Fifth, Eighth, and Fourteenth Amendment rights. Doc. 1 at 2.

## III. DISCUSSION

### A. Subject Matter Jurisdiction under 28 U.S.C. § 2241

Section 2241(a) grants district courts jurisdiction to provide habeas relief when the inmate is confined within its district at the time the petition is filed. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 n.7 (2004); *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991). Since Petitioner is confined in this district, statutory jurisdiction exists. The issue is whether § 2241 provides subject matter jurisdiction for Petitioner's claims. *See generally Rumsfeld,* 542 U.S. at 434 n.7 (noting a distinction between subject matter jurisdiction and statutory grant of jurisdiction under § 2241(a)).

Because Petitioner is proceeding *pro se*, his allegations are liberally construed to discern whether subject matter jurisdiction "can be founded on a legally justifiable base." *Fernandez*, 941 F.2d at 1491. Section 2241 offers a remedy for federal prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3). At the "heart of habeas corpus" petitions, the petitioner is challenging "the fact or duration of his physical confinement" or "seeking immediate release or a speedier release from that confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973). Generally,

notwithstanding some ongoing debate,[1] § 2241 is not the appropriate statutory vehicle for challenging conditions of confinement: "Claims challenging the fact or duration of confinement fall within the core of habeas corpus, while claims challenging the conditions of confinement fall outside that core." *Mackey v. United States*, No. 21-13094, 2022 WL 17830252, at *2 (11th Cir. Dec. 21, 2022) (per curiam) (citing *Nelson v. Campell*, 541 U.S. 637, 643 (2004)).

Although Petitioner filed a petition for writ of habeas corpus, he is not challenging the fact or length of his federal confinement. Instead, his claims focus on alleged violations of his federal constitutional rights by a federal official, primarily seeking injunctive and declaratory relief. Doc. at 3. Petitioner specifically describes his claims as challenges to the "conditions of confinement." Doc. 1 at 3. There is well-established precedent allowing federal courts "in some circumstances to grant injunctive relief against federal officials violating federal law" under 28 U.S.C. § 1331. *Sierra Club v. Trump*, 929 F.3d 670, 694 (9th Cir. 2019) (cleaned up); *see also Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 404–405 (1971) (Harlan, J., concurring) (acknowledging the "presumed availability of federal equitable relief against threatened invasions of constitutional interests," given the "inherent equitable powers" of a federal district court, *id.* at 404 (cleaned up), and recognizing § 1331's "general grant of jurisdiction . . . to empower a federal court to grant equitable relief for all areas of subject-matter jurisdiction enumerated therein," *id.* at 405). Also, in very limited circumstances, a plaintiff can bring a *Bivens* action to obtain monetary damages for unconstitutional conditions of confinement.[2] However, § 2241 does not provide subject matter jurisdiction for Petitioner's

---

[1] *See, e.g.*, *Pinson v. Carvajal*, 69 F.4th 1059, 1075 (9th Cir. 2023) ("[W]e recognize that the Supreme Court has left open the key question of whether there are circumstances when a challenge to the conditions of confinement is properly brought in a petition for writ of habeas corpus."), *cert. denied sub nom.*, *Sands v. Bradley*, 144 S. Ct. 1382 (2024).

[2] "Claims for money damages against federal officials and employees who have committed constitutional violations are known as *Bivens* claims." *Johnson v. Terry*, 119 F.4th 840, 846 (11th Cir. 2024), *cert. denied,* 146 S. Ct. 101 (2025). To the extent Petitioner seeks monetary damages for alleged constitutional violations under *Bivens*, the path to relief is very narrow. *See Goldey v. Fields*, 606 U.S. 942, 945 (2025) (per curiam) ("For the past 45 years, this Court has consistently declined to extend *Bivens* to new contexts.") (citing *Egbert v. Boule*, 596 U.S. 482, 490–91 (2022)).

conditions-of-confinement claims. Unless the claims in the § 2241 petition can be recharacterized, it must be dismissed without prejudice for lack of subject matter jurisdiction.

### B. Recharacterization of § 2241 Petition as 28 U.S.C. § 1331 Claim

"Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010) (quoting *United States v. Jordan*, 915 F.2d 622, 624 (11th Cir. 1990)). In light of that obligation and the liberal construction afforded to *pro se* pleadings, *see Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008), the court finds the instant § 2241 petition is properly construed as a civil rights action under 28 U.S.C. § 1331, for equitable relief for alleged constitutional violations, and *Bivens,* to the extent Petitioner seeks monetary damages. *See Ellis v. Bureau of Prisons*, 239 F. App'x 466, 466–69 (11th Cir. 2007) (per curiam) (affirming judgment and noting district court's initial decision to convert prisoner's habeas petition into *Bivens* action). In so doing, the court expresses no view on the merits of Petitioner's construed civil rights action; any merits review will occur at screening if Petitioner elects to proceed. *See, e.g.*, 28 U.S.C. § 1915A; 28 U.S.C. § 1915.

The recharacterization of this action as a civil rights action under § 1331 subjects it to the restrictions and consequences of the PLRA, 42 U.S.C. § 1997e. Under the PLRA, a prisoner-plaintiff is required to pay a $350.00 filing fee in full, either up front or through installment payments deducted from his institutional account, regardless of whether the prisoner is granted leave to proceed *in forma pauperis* (IFP).[3] *See* 28 U.S.C. §§ 1914(a), 1915(b). Therefore, Petitioner must pay the full amount of the $350.00 filing fee in accordance with § 1915(b). Further, if IFP status is not granted, he also must pay an additional $55.00 administrative fee. In contrast, the filing fee requirements of the PLRA

---

[3] Prisoners who are not proceeding IFP must pay an additional $55.00 administrative fee. Fees for the Middle District of Alabama are available online. *See* www.almd.uscourts.gov/clerks-services/fees (last visited Jan. 29, 2025).

"do not apply to habeas corpus proceedings."[4] *Anderson v. Singletary*, 111 F.3d 801, 802 (11th Cir. 1997). The PLRA also imposes further procedural requirements, such as the exhaustion of administrative remedies before filing an action, *see* 42 U.S.C. § 1997e(a), and a "three-strikes" rule, which prevents prisoners from proceeding IFP if they have had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim, unless they are in imminent danger of serious physical injury, *see* 28 U.S.C. § 1915(g).[5] Given the PLRA's restrictions, Petitioner will have an opportunity to decide whether to proceed with this construed civil rights action under 28 U.S.C. § 1331 or voluntarily dismiss the § 2241 petition.

## IV.   CONCLUSION

Based on the foregoing, it is **ORDERED** that on or before **February 16, 2026,** Petitioner must file a notice informing the court whether he wishes to (1) proceed with this construed civil rights action under 28 U.S.C. § 1331 for alleged violations of federal constitutional rights or (2) voluntarily dismiss this 28 U.S.C. § 2241 petition based on lack of subject matter jurisdiction.

Petitioner is cautioned that if he fails to file a timely response to this order, his § 2241 petition will be dismissed without prejudice for lack of subject matter jurisdiction. The dismissal will not limit his right to file a civil rights action as described in this order.

DONE, on this the 3rd day of February 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Under 28 U.S.C. § 1914(a), the filing fee for a petition for writ of habeas corpus is $5.00.

[5] The requirement to exhaust administrative remedies also applies to § 2241 petitions. In the Eleventh Circuit, "prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements." *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam), *abrogated on other grounds by*, *Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015). These requirements for § 2241 petitions are "judge-made" and do not originate from the PLRA. *Id.* at 474.